IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| AARON WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 112-050 |
| | ) |
| Attorney LUTHER MCDANIEL, JR., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Rogers State Prison in Reidsville, Georgia, attempts to assert claims pursuant to 42 U.S.C. § 1983 in the above-captioned case.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I.  BACKGROUND

Plaintiff names the following Defendants in his complaint: (1) Luther McDaniel, an

---

[1] Although Plaintiff is currently incarcerated at Rogers State Prison, his complaint concerns events that allegedly occurred in the Augusta Division of the Southern District of Georgia. (See doc. no. 1.)

attorney who represented Plaintiff in criminal proceedings; (2) the Honorable Bernard Mulherin, Superior Court Judge in the Augusta Judicial Circuit; and (3) the Honorable Michael Annis, Superior Court Judge in the Augusta Judicial Circuit. (Doc. no. 1, pp. 1, 4.) Plaintiff's complaint includes many allegations concerning actions taken by Defendant McDaniel while representing Plaintiff in his criminal case, including assertions that he failed to request a psychological evaluation, failed to appear at Plaintiff's sentencing, "misled" the District Attorney by refusing an alleged seven-year probation plea agreement, and failed to convey information necessary for an adequate defense to the attorney who later took over the case when Defendant McDaniel withdrew. (Id. at 5-6.)

Additionally, Plaintiff includes allegations against two judges. Plaintiff alleges that Judge Mulherin abused his authority by sentencing him to maximum consecutive, rather than concurrent, terms. (Id. at 6-7.) He further alleges that this sentence is harsh and unfair since his attorney did not request a potentially mitigating psychological examination. (Id. at 7.) Furthermore, Plaintiff alleges that Judge Annis abused his authority in that another judge ordered that Plaintiff should be re-sentenced, and Judge Annis did not re-sentence him favorably. (Id.) Plaintiff seeks compensatory damages and punitive damages, as well as release from confinement.[2] (Id. at 8.)

---

[2]In addition to his complaint, Plaintiff later filed a brief in support of his complaint, which primarily elaborates on the legal arguments pursuant to which he seeks to hold Defendants liable in this case. (Doc. no. 10.) Notably, the Federal Rules of Civil Procedure do not contemplate briefs in support of civil complaints. See Fed. R. Civ. P. 7. Moreover, the Court need not recount the additional information in the brief because it provides nothing that would affect the Court's determination explained below that the named Defendants are not subject to liability under § 1983.

2

## II. DISCUSSION

### A. Plaintiff's Allegations Against His Former Attorney Fail to State a Viable § 1983 Claim

Plaintiff's complaint fails to state a §1983 claim against Defendant McDaniel because he did not act under the color of state law for the purposes of 42 U.S.C. § 1983. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law.*" West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, CV 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 & n.7 (1981) (finding a lawyer representing a client was not, "by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983")); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to represent a criminal defendant was not acting under color of state law).

By representing Plaintiff in his criminal case, Defendant McDaniel was simply acting in accordance with his role as counsel to a defendant in a criminal proceeding and thus is not

3

a "person acting under color of state law" under § 1983. Therefore, Plaintiff's allegations against Defendant McDaniel fail to state a claim upon which relief may be granted.

### B. Plaintiff's Allegations Against Judges Fail to State a Viable § 1983 Claim

Plaintiff's allegations against Judge Mulherin and Judge Annis also fail to state a viable § 1983 claim because, as judges, they are entitled to absolute immunity. It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk, ___ U.S. ___, 132 S. Ct. 1497, 1503 (2012); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Judge Mulherin and Judge Annis were dealing with Plaintiff in a judicial capacity and whether the conduct alleged clearly fell outside their subject matter jurisdiction. See id. at 359-64.

As Plaintiff makes no allegation that Judge Mulherin and Judge Annis acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether their actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), aff'd, 784 F.2d 403 (11th Cir. 1986) (Table). Here, Plaintiff's allegations as to Judge Mulherin and Judge Annis concern their actions as judges involved in Plaintiff's criminal proceedings in state court. Specifically, Plaintiff alleges that Judge Mulherin and Judge Annis acted inappropriately with regard to Plaintiff's sentencing and re-sentencing. Such actions qualify as activity of a type usually performed by judges. Therefore, Judge

4

Mulherin and Judge Annis are entitled to absolute immunity, and Plaintiff's allegations against them fail to state a claim upon which relief may be granted.

In sum, Plaintiff's complaint should be dismissed because, due to immunity and lack of state action, Defendants are not subject to liability under § 1983.[3]

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of July, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff should note that to the extent he requests release from confinement due to alleged violations of his constitutional rights during his criminal proceedings, a writ of habeas corpus provides the sole means for obtaining such relief. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").